```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------x
                                 :
UNITED STATES OF AMERICA         :    GOVERNMENT'S SECOND
                                 :    FORFEITURE BILL
                                 :    OF PARTICULARS
         -v.-                    :    08 Cr. 132 (RPP)
                                 :
QI PAN,                          :
                                 :
              Defendant.         :
------------------x
```

Pursuant to <u>United States</u> v. <u>Grammatikos</u>, 633 F.2d 1013, 1024 (2d Cir. 1980), the Government respectfully gives notice that: (i) the statutory basis for forfeiture is Title 18, United States Code, Section 2320; and (ii) the property subject to forfeiture as a result of the offenses described in the Indictment, as alleged in the Forfeiture Allegation, includes but is not limited to the following which was seized on or about November 7, 2007:

> $28,976.00 in United States Currency from the residence of Qi Pan, the defendant, and

> Money orders worth $62,952.00 from the residence of Qi Pan, the defendant.

The Forfeiture Allegations now read as follows:

### FORFEITURE ALLEGATIONS

1.  As the result of committing the counterfeiting offense in violation of Title 18, United States Code, Section 2320(a) and 2, as charged in Count One of the Indictment, Qi Pan, the defendant, shall forfeit to the United States, pursuant to

Title 18, United States Code, Sections 2320(b)(1)(A) & (B) and 2320 (b)(3):

  a. Any article bearing or consisting of a counterfeit mark used in committing a violation of Title 18, United States Code, Section 2320(a);

  b. Any property used, in any manner or part, to commit or to facilitate the commission of a violation of Title 18, United States Code, Section 2320(a), including but not limited to:

    i. $28,976.00 in United States Currency from the residence of Qi Pan, the defendant on or about November 7, 2007, and

    ii. Money orders worth $62,952.00 from the residence of Qi Pan, the defendant on or about November 7, 2007.

  c. Any property constituting or derived from any proceeds the defendant obtained, directly or indirectly, as the result of the offense, including but not limited to the following:

    i. $28,976.00 in United States Currency from the residence of Qi Pan, the defendant on or about November 7, 2007, and

    ii. Money orders worth $62,952.00 from the residence of Qi Pan, the defendant on or about November 7, 2007.

<u>Substitute Asset Provision</u>

  2. If any of the above-described forfeitable property, as a result of any act or omission of the defendant:

  a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third person;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be subdivided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of said defendant up to the value of the above forfeitable property.

(Title 18, United States Code, Section 2320, and Title 21, United States Code, Section 853(p).)

Dated: New York, New York
    June 10, 2008

          Respectfully Submitted,

          MICHAEL J. GARCIA
          United States Attorney

     By: _____
          LEE RENZIN
          Assistant United States Attorney
          Tel: (212) 637-2723

**AFFIRMATION OF SERVICE**

     I, Karyn Leon-Matovick affirm under penalty of perjury pursuant to 28 U.S.C. §1746 the following:

     I am employed with FSA in the Office of Michael J. Garcia, United States Attorney for the Southern District of New York, and

     That on May 29, 2008 I caused one copy of the Government's Second Forfeiture Bill of Particulars, dated June 10, 2008, in the case of United States v. Qi Pan, 08 Cr. 132 (RPP), to be delivered by ECF to the registered filing users in this case, and

     I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Dated:    New York, New York
           June 10, 2008

                                          KARYN LEON-MATOVICK