UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

                                             :

UNITED STATES OF AMERICA           :       **<u>FINAL ORDER OF FORFEITURE</u>**

                                             :

               -v.-                   :       S1 08 Cr. 132 (JHR)

                                               :

QI PAN,                                       :

                                               :

                     Defendant.        :

                                               :

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - X

WHEREAS, on or about April 30, 2010, the Court entered a Consent Preliminary

Order of Forfeiture (the "Preliminary Order of Forfeiture") (D.E. 38), which ordered the forfeiture

to the United States of all right, title and interest of QI PAN (the "Defendant") in, among other

things, the following property:

      (a) $28,976.00 in United States currency, seized on or about November 7, 2007,
            from the residence of QI PAN (the "Seized Currency");

      (b) money orders valued at $62,952.00, seized on or about November 7, 2007, from
            the residence of QI PAN, (the "Seized Money Orders"); and

      (c) two Rolex watches and one Chopard watch (the "Seized Watches");

((a) through (c), collectively, the "Specific Property");

WHEREAS, the Preliminary Order of Forfeiture directed the United States to

publish, for at least thirty (30) consecutive days, notice of the Preliminary Order of Forfeiture,

notice of the United States' intent to dispose of the Specific Property, and the requirement that any

person asserting a legal interest in the Specific Property must file a petition with the Court in

accordance with the requirements of Title 21, United States Code, Sections 853(n)(2) and (3).  The

Preliminary Order of Forfeiture further stated that the United States could, to the extent practicable,

provide direct written notice to any person known to have an alleged interest in the Specific

Property and as a substitute for published notice as to those persons so notified;

WHEREAS, the provisions of Title 21, United State Code, Section 853(n)(1), Rule 32.2(b)(6) of the Federal Rules of Criminal Procedure, and Rules G(4)(a)(iv)(C) and G(5)(a)(ii) of the Supplemental Rules for Admiralty or Maritime Claims and Asset Forfeiture Actions, require publication of a notice of forfeiture and of the Government's intent to dispose of the Specific Properties before the United States can have clear title to the Specific Properties;

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Seized Currency and the Seized Money Orders was posted on an official government internet site (www.forfeiture.gov) beginning on November 19, 2010 for thirty (30) consecutive days, through December 18, 2010, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 22, 2024 (D.E. 41);

WHEREAS, the Notice of Forfeiture and the intent of the United States to dispose of the Seized Watches was posted on an official government internet site (www.forfeiture.gov) beginning on August 19, 2020 for thirty (30) consecutive days, through September 17, 2020, pursuant to Rule G(4)(a)(iv)(C) of the Supplemental Rules for Admiralty and Maritime Claims and Asset Forfeiture Actions and proof of such publication was filed with the Clerk of the Court on January 22, 2024 (D.E. 42);

WHEREAS, thirty (30) days have expired since final publication of the Notice of Forfeiture and no petitions or claims to contest the forfeiture of the Specific Property have been filed;

WHEREAS, the Defendant is the only person and/or entity known by the Government to have a potential interest the Specific Property; and

WHEREAS, pursuant to Title 21, United States Code, Section 853(n)(7), the United States shall have clear title to any forfeited property if no petitions for a hearing to contest the forfeiture have been filed within thirty (30) days of final publication of notice of forfeiture as set forth in Title 21, United States Code, Section 853(n)(2);

NOW, THEREFORE, IT IS ORDERED, ADJUDGED AND DECREED THAT:

1.      All right, title and interest in the Specific Property is hereby forfeited and vested in the United States of America, and shall be disposed of according to law.

2.      Pursuant to Title 21, United States Code, Section 853(n)(7) the United States of America shall and is hereby deemed to have clear title to the Specific Property.

3.      The United States Customs and Border Protection (or its designee) shall take possession of the Specific Property and dispose of the same according to law, in accordance with Title 21, United States Code, Section 853(h).

Dated:  New York, New York
        January 23  , 2024

SO ORDERED:

_____
HONORABLE JENNIFER H. REARDEN
UNITED STATES DISTRICT JUDGE